1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT

8        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ANTHONY DEMETRIS IRBY,                    No. 2:21-cv-1047-TLN-EFB P

11                Plaintiff,

12                                             ORDER
             v.
13
     THORNTON, et al.,
14
                Defendants.
15

16

17          Plaintiff is county jail inmate proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he has filed an application to

19   proceed in forma pauperis (ECF Nos. 2 & 7).  As discussed below, the court will grant his

20   application to proceed in forma pauperis and screen his complaint.

21                      Application to Proceed In Forma Pauperis

22          The court has reviewed plaintiff's application (ECF No. 2) and finds that it makes the

23   showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, by separate order, the court directs the

24   agency having custody of plaintiff to collect and forward the appropriate monthly payments for

25   the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

26   /////

27   /////

28   /////

                                    1

1                                           Screening

2          I.       Legal Standards

3          Federal courts must engage in a preliminary screening of cases in which prisoners seek

4   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

6   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

7   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

8   relief."  *Id.* § 1915A(b).

9          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

10  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

11  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

12  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

13  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

14  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

15  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

16  U.S. 662, 679 (2009).

17         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

18  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

19  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

20  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

21  678.

22         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

23  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

24  content that allows the court to draw the reasonable inference that the defendant is liable for the

25  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

26  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

27  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

28  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

1          II.      Analysis

2              Plaintiff's complaint states a potentially viable claim of excessive force against defendant

3      correctional officer Thornton.  *See* ECF No. 1 at 4 (alleging that on February 14, 2021, while

4      plaintiff was "subdued and/or restrained," Thornton banged plaintiff's head on the ground, struck

5      plaintiff with his fists, and dug his knees into plaintiff's neck and back, causing plaintiff to suffer

6      physical, psychological, and emotional injuries).

7              The complaint also identifies the Solano County Sheriff's Office, Solano County, and the

8      State of California as defendants.  Claims against these defendants cannot proceed.  If plaintiff

9      wishes to pursue a claim against the Sheriff's Office and/or Solano County, he must demonstrate

10     that he suffered an injury caused by employees acting pursuant to the municipality's policy or

11     custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New*

12     *York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*,

13     541 F.3d 950, 964 (9th Cir. 2008).  Here, plaintiff has neither identified a particular County

14     policy, nor alleged harm caused by such a policy.  Furthermore, the State of California is not a

15     "person" within the meaning of § 1983 and is immune from suit under the Eleventh Amendment.

16     *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Hafer v. Melo*, 502 U.S.

17     21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued

18     in their individual capacities, nor does it bar suits for prospective injunctive relief against state

19     officials sued in their official capacities).

20             For these reasons, plaintiff may either proceed only on the potentially cognizable

21     excessive force claim against defendant Thornton or he may amend his complaint to attempt to

22     cure the complaint's deficiencies.  Plaintiff is not obligated to amend his complaint.

23                                        Leave to Amend

24             Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above.

25     Any amended complaint must identify as a defendant only persons who personally participated in

26     a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d

27     740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

28     /////

                                                3

1   he does an act, participates in another's act or omits to perform an act he is legally required to do

2   that causes the alleged deprivation).  Plaintiff is not obligated to file an amended complaint.

3          Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the

4   amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

5          Any amended complaint must be written or typed so that it so that it is complete in itself

6   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

7   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

8   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

9   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

10  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

11  1967)).

12         The court cautions plaintiff that failure to comply with the Federal Rules of Civil

13  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

14  *See* E.D. Cal. L.R. 110.

15                                      Conclusion

16      Accordingly, it is ORDERED that:

17          1.  Plaintiff's application to proceed in forma pauperis (ECF Nos. 2 & 7) is granted.

18          2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

19              in accordance with the notice to the Solano County Sheriff filed concurrently

20              herewith.

21          3.  Plaintiff's complaint alleges, for screening purposes, a potentially cognizable

22              excessive force claim against defendant Thornton.

23          4.  All other claims, including those against defendants Solano County Sheriff's

24              Office, Solano County, and the State of California, are dismissed with leave to

25              amend within 30 days of service of this order.  Plaintiff is not obligated to amend

26              his complaint.

27          5.  Within thirty days plaintiff shall return the notice below advising the court whether

28              he elects to proceed with the cognizable claim or file an amended complaint.  If

                                            4

the former option is selected and returned, the court will enter an order directing

service at that time.

6.  Failure to comply with any part of this this order may result in dismissal of this

action.

Dated:  September 7, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                      FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    ANTHONY DEMETRIS IRBY,                        No.  2:21-cv-1047-TLN-EFB P

9
             Plaintiff,
10                                                 NOTICE

11       v.

     THORNTON, et al.,
12
             Defendants.
13

14
         In accordance with the court's Screening Order, plaintiff hereby elects to:
15

16
     (1)  _____   proceed only with the excessive force claim against defendant Thornton;
17

18

19
     OR
20

21
     (2)  _____   delay serving any defendant and file an amended complaint.
22

23

24                                          _____

                                                       Plaintiff
25
     Dated:
26

27

28
                                            6